IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kyle Doggett, | ) | Case No.: 1:24-cv-04365-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Brittany Bridges, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 15), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns the Magistrate Judge's pre-service screening of Plaintiff Kyle Doggett's ("Plaintiff" or "Doggett") Complaint under 28 U.S.C. § 1915.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Plaintiff, a pretrial detainee at Cherokee County Detention Center ("CCDC"), filed a pro se complaint pursuant to 42 U.S.C. § 1983 against Brittany Bridges ("Defendant"), the head nurse at CCDC, alleging deliberate indifference to his serious

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

medical needs and failure to provide disability accommodations. (DE 11 at 2, 4.) Following the Magistrate Judge's order identifying deficiencies and requiring proper service documents, Plaintiff submitted an amended complaint, summons, and USM-285 form. (DE 8, 9, 11, 13.)

Plaintiff asserts he suffers from severe spinal disorders, including ankylosing spondylitis, rheumatoid arthritis, and spinal stenosis, which necessitate accommodations previously granted during a prior incarceration in January 2024. (DE 11 at 5–6.) He contends that upon his June 7, 2024, booking at CCDC, Defendant revoked these accommodations and directed staff to confiscate his cane. (DE 11 at 5–6.) Plaintiff attributes this treatment to a personal animus stemming from prior conflicts with Defendant, including her accusation that he sold his medications and his report to her supervisor. (DE 11 at 6–7.)

Despite his repeated requests for accommodations, including a mat and bunk assignment, Plaintiff claims he was told CCDC does not offer accommodations, although he observed others receiving similar treatment. (DE 11 at 6.) After filing several grievances, Plaintiff was seen by Dr. Outz but alleges Defendant prejudiced the consultation by telling the physician that Plaintiff had sold medications and did not require accommodations. (DE 11 at 6–7.) According to Plaintiff, Dr. Outz offered no new orders following the consultation. (DE 11 at 6.)

Plaintiff reports ongoing pain and joint inflammation and claims the denial of ibuprofen and mobility aids has exacerbated his condition, potentially resulting in

permanent damage. (DE 11 at 8.) He seeks over $300,000 in damages and an order for corrective spinal surgery. (*Id.*)

### B. Report and Recommendation

On September 10, 2024, the Magistrate Judge issued the Report advising that Plaintiff's Complaint should be dismissed without issuance and service of process and without leave to amend. (DE 15.) Applying the less stringent pleading standard afforded to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Magistrate Judge concluded, among other things, that:

- Plaintiff seeks medication and other measures to alleviate discomfort but fails to allege facts establishing that Defendant was deliberately indifferent to a serious or life-threatening medical need, as required to state a constitutional violation.

- Even assuming, arguendo, that Plaintiff qualifies as an individual with a disability under the Americans with Disabilities Act (ADA), he has not alleged facts showing that he was denied access to a service, program, or activity of the detention facility for which he is otherwise qualified. Furthermore, Plaintiff concedes that Defendant's alleged refusal to provide accommodations was based on a personal grudge rather than discriminatory animus based on his disability.

(DE 15 at 7, 9.) On September 18, 2024, Plaintiff filed a document seeking reconsideration of the Report, which the Court construes as an objection. (DE 18.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule,

explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff purports to object to the Report by stating that he "cannot adequately describe the severity of [his] disabilities or the damage being done" due to his limited education. (DE 18 at 1.) However, this objection fails to engage with the substantive findings of the Report or to articulate any basis for concluding that Defendant's conduct meets the constitutional standard for deliberate indifference under the Eighth Amendment. Instead, Plaintiff raises new assertions unrelated to the merits of the Report, including that he lacks access to a law library and is unable to secure legal representation due to the constraints of incarceration. (*Id.*) Because Plaintiff offers no specific or substantive challenge to the findings or reasoning in the Report, the Court finds the objection unavailing and hereby overrules it.

To the extent Plaintiff raises concerns regarding his inability to obtain counsel, he has not detailed any efforts undertaken to retain counsel or otherwise demonstrated diligence in pursuing legal representation. In the absence of a colorable

constitutional claim and without evidence of reasonable efforts to obtain counsel, the Court declines to consider this argument further.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 15) in its entirety and incorporates it herein by reference.

It is therefore **ORDERED** that Plaintiff's Complaint (DE 1) is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 20, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.